# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NARCISO AND MARIE M. SANCHEZ, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> THE BANK OF NEW YORK AS TRUSTEE ) <br> FOR ASSET-BACKED CERTIFICATES ) <br> TRUST 2005-1, DBA "TRUSTEE CORPS" ) <br> AND BANK OF AMERICA, N.A. DBA ) <br> "BAC HOME LOAN SERVICING, LLP" ) <br> AND TRUSTEE CORPS, ) <br> ) <br> Defendants. ) | Case No.: 2:15-cv-01249-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 18) filed by Defendants
The Bank of New York as Trustee for Asset-Backed Certificates Trust 2005-1, DBA "Trustee
Corps" ("BONY") and Bank of America, N.A. ("BANA") (collectively, "Defendants").
Plaintiffs Narciso and Marie M. Sanchez ("Plaintiffs") filed a Response (ECF No. 22), and
Defendants filed a Reply (ECF No. 25).

## I.    BACKGROUND

On October 26th, 2004, Plaintiffs executed a deed of trust in favor of Mortgage
Electronic Registration Systems, Inc. ("MERS") as nominee for Quicken Loans, Inc.
("Quicken") on real property located at 914 Saddle Horn Drive, Henderson, NV 89015 ("the
Property"). (Deed of Trust at 1, ECF No. 17).  The Deed of Trust secured a promissory note
executed by Plaintiffs for the amount of $196,200.00 and was recorded on November 1, 2004.
(*Id.* at 2).  On September 18, 2009, the Deed of Trust was assigned to BAC Home Loans
Servicing L.P. f/k/a Countrywide Home Loans Servicing, L.P. (Ex. A to Mot. Dismiss, ECF
No. 18-1).  At some point, BANA began servicing the loan through a merger with BAC Home
Loans Servicing L.P. (June 19, 2012 Letter, ECF No. 17).

Plaintiffs filed the instant case on July 2, 2015, asserting three claims against Defendants: (1) violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692; (2) identity theft; and (3) violations of the Truth in Lending Act ("TILA") under 15 U.S.C. §§ 1635 and 1640. (*See* Compl., ECF No. 1).  On October 29, 2015, Plaintiffs filed an Amended Complaint asserting the same three claims. (*See* Am. Compl., ECF No. 17).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

Defendants argue that each of Plaintiffs' claims fail as a matter of law.  These claims will be addressed in turn.  The Court also acknowledges at the outset that the Amended Complaint filed in this case is in large part identical to the complaint filed in *Bozetti v. US Bank, N.A.*, No. 3:15-cv–00278–RCJ–VPC, 2015 WL 5165877 (D. Nev. Sept. 3, 2015).

### A.  Violation of FDCPA

Plaintiffs' first cause of action is for violations of the FDCPA, 15 U.S.C. § 1692.  The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995).

"To plead entitlement to relief under the FDCPA, Plaintiffs here must allege facts that 1) Defendant was collecting debt as a debt collector, and 2) its debt collection actions were violative of a federal statute." *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2013), *aff'd*, 720 F.3d 1204 (9th Cir. 2013) (citing *Jerman v. Carlisle*, 559 U.S. 573, 576 (2010)); 15 U.S.C. § 1692 *et seq.*).  A "debt collector" is any person whose "principle purpose" is the collection of debts or any person who regularly collects debts owed to another. 15 U.S.C. § 1692a(6).  Under 15 U.S.C. § 1692a(6)(F), "a debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer." *See Natividad v. Wells Fargo Bank, N.A.*, No. 3:12–cv–03646 JSC, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013) (collecting cases); *see also Huck v. Countrywide Home Loans, Inc.*, No. 3:09–cv–553–JCM–VPC, 2011 WL 3274041, at *2 (D. Nev. July 29, 2011) (citing *Kee v. R–G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009)).

Plaintiffs do not allege any facts beyond the conclusory statement that Defendants are debt collectors under 15 U.S.C. § 1692a. (Am. Compl. at 1–17, ECF No. 17).  Moreover,

Plaintiffs fail to allege that Defendants' "principle purpose" is to collect debts or that Defendants were assigned the Deed of Trust after Plaintiffs had defaulted. (*Id.*).  Because Plaintiffs have failed to state facts beyond conclusory allegations, the pleading is insufficient. *Iqbal*, 556 U.S. 662 at 677–79.

Plaintiffs further allege that Defendants made false representations that it had legal authority to foreclose pursuant to the Deed of Trust and that Defendants began the nonjudicial foreclosure process as if it were in control of the Deed of Trust. (Am. Compl. at 1–17).  Even if this were true, nonjudicial foreclosures are not considered acts of debt collection under the FDCPA.  "Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that nonjudicial foreclosure is not debt collection." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013) (citing *Natividad*, 2013 WL 2299601, at \*5–9; *Ligon v. JP Morgan Chase Bank*, No. C 11–2504 MEJ, 2011 WL 2550836, at \*3 (N.D. Cal. June 27, 2011) (collecting cases)).  "For purposes of the [FDCPA] a 'debt collector' does not include one engaged in the mere enforcement of a security interest." *Natividad*, 2013 WL 2299601, at \*6.  Defendants are neither debt collectors nor engaged in debt collecting activities under the FDCPA because its correspondence with Plaintiffs and consequent actions constituted the nonjudicial foreclosing of property. *See id* at \*5–9.  Therefore, Plaintiffs fail to state a claim upon which relief can be granted.

**B. Identity Theft**

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Twombly*, 550 U.S. 544 at 555.

Plaintiffs allege that their second claim against Defendants is an action at law for the theft of personal and financial information resulting in damages.  Plaintiffs allege that

Defendants threatened to take their home and money unless they provided them with personal and financial information, including a credit report. (Am. Compl. at 17–28). Plaintiffs further allege that Defendants used public information regarding the Property and Deed of Trust in order to deceive Plaintiffs into disclosing their personal information, which Defendants then used to sell the Property at auction. (*Id.*).

Construing the allegations in the light most favorable to the Plaintiffs, the Court finds Plaintiffs fail to state a claim upon which relief may be granted. Plaintiffs categorize their claim as identity theft, yet fail to cite a legally cognizable claim under Nevada or Federal law. (Am. Compl. at 17–28). Therefore, given the lack of a legally cognizable claim and insufficient grounds to rest it on, Plaintiffs' claim is dismissed for failure to state a claim. *Twombly,* 550 U.S. 544 at 555.

**C. Violations of TILA**

Plaintiffs' claim seeks money damages as a result of Defendants' alleged violation of TILA. Prior to filing suit however, Plaintiffs also sought to rescind their mortgage agreement with BANA. (Rescission Notice, ECF No. 1). While Plaintiffs are not seeking the remedy of rescission, the Court will take the opportunity to elucidate why Plaintiffs are barred from both their attempted rescission and their claim of damages.

"TILA is a consumer protection statute that aims to 'avoid the uninformed use of credit.'" *Bergman v. Bank of Am.*, No. C–13–00741 JCS, 2013 WL 5863057, at *24 (N.D. Cal. Oct. 23, 2013) (quoting 15 U.S.C. § 1601(a)). TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). Under TILA, creditors must provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "The statute is remedial in nature and is

therefore to be construed broadly in favor of the consumer." *Bergman*, 2013 WL 5863057, at *24 (citing *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989)).  "Even 'technical or minor violations' of TILA or its regulations may give rise to liability on the part of the creditor." *Id.* at *24 (quoting *Valdez v. Am.'s Wholesale Lender*, No. C 09–02778 JF (RS), 2009 WL 5114305, at *2 (N.D. Cal. Dec. 18, 2009) (citations omitted)).

Where a creditor fails to provide borrowers with the required disclosures, the remedy of rescission is available for three years after the consummation of the transaction, or when the property is sold, whichever occurs first. 15 U.S.C. § 1635(a) and (f); 12 C.F.R. § 226.23; *see also Zakarian*, 642 F. Supp. 2d 1206 at 1211.  Also, rescission is only available "where the borrower is willing and able to tender the balance on the promissory note." *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1286 (D. Nev. 2010) (citing *Yamamoto v. Bank of N.Y*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976)).

However, while TILA provides rescission as a remedy for certain transactions, it expressly excludes rescission in residential mortgage transactions. *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1635(e)(1)).  15 U.S.C. § 1602(x) defines "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such a dwelling."  "In other words, the right to rescind under TILA would exist only if the Property had not itself been the security for the loan obtained to purchase the Property." *Weingartner*, 702 F. Supp. 2d 1276 at 1286.

Damages are the proper remedy where creditors violate TILA when conducting residential mortgage transactions. *In re Schweizer*, 354 B.R. 272, 281 (Bankr. D. Idaho 2006) (citing 15 U.S.C. § 1640(a)).  Even though a borrower may not rescind a residential mortgage

transaction, TILA still requires creditors to disclose credit terms when entering into residential mortgage transactions. *See Bergman*, 2013 WL 5863057, at *24 (citing *Schweizer*, 354 B.R. 272 at 280–281 (holding that while plaintiff could not assert rescission claim under TILA because loan was for residential mortgage, debtor nevertheless had "other important rights under the law") (citing 15 U.S.C. §§ 1601(a) and 1638(b)). Where a creditor in a residential mortgage transaction fails to comply with TILA's requirements, the borrower may seek damages. 15 U.S.C. § 1640(a). However, "in order to receive actual damages for a TILA violation … a borrower must establish detrimental reliance." *Smith v. Gold Country Lenders (In re Smith)*, 289 F.3d 1155, 1157 (9th Cir. 2002). "The statute of limitations for a damages claim under TILA is one year, and generally runs from the date the loan documents are executed." *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1640(e)); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiffs served BANA with a notice to rescind on April 30th, 2015. (Rescission Notice). However, rescission was not an available remedy to Plaintiffs. Plaintiffs had entered into a residential mortgage transaction on October 26th, 2004, by executing the Deed of Trust against the Property, securing a promissory note in the amount of $196,200.00, and financing the acquisition of the same Property with the funds. (Deed of Trust at 1–2); 15 U.S.C. § 1602(x); *see also Weingartner*, 702 F. Supp. 2d 1276 at 1286. Because Plaintiffs entered into a residential mortgage transaction, they were not afforded the remedy of rescission.[1] *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1635(e)(1)).

However, Plaintiffs' pleading seeks the correct remedy of damages, alleging Defendants violated 15 U.S.C. §§ 1635 and 1640. Though, in order for Plaintiffs to have brought a timely

---

[1] Had Plaintiffs' transaction even qualified for rescission, they would still have been barred from exercising such a right after October of 2007. *See Beach*, 523 U.S. 410 at 412 (holding "section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period."); *see also King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

action under TILA for damages, they should have brought it within a year after executing the Deed of Trust and security note on October 26th, 2004. *Meyer*, 342 F.3d 899 at 902; *see also Quach v. Bank of Am., N.A.*, No. 5:13–CV–00467–EJD, 2013 WL 3788827, at \*3 (N.D. Cal. July 17, 2013) (holding TILA's one year statute of limitations barred Plaintiff's TILA claims).

Furthermore, Plaintiffs' pleading is insufficient because they do not allege any facts beyond the mere conclusory statement that Defendants violated §§ 1635 and 1640. (Am. Compl. 28–31); *Iqbal,* 556 U.S. 662 at 677–79.  Plaintiffs' claim is barred by TILA's statute of limitations and insufficient.  Therefore, Plaintiffs have failed to state a claim upon which relief can be granted.

All three of Plaintiffs' claims fail to state a claim upon which relief can be granted.  The FDCPA claim fails because Defendants are neither debt collectors nor engaged in debt collecting activities.  The identity theft claim fails because there is no legally cognizable claim, and the TILA claim fails because it is barred by the statute of limitations.  Because all of Plaintiffs' claims fail as a matter of law, amending Plaintiffs' pleadings would be futile. *See DeSoto*, 957 F.2d at 659 (dismissing without leave to amend where the amendment is futile and would have failed to state a claim upon which relief could be granted).  Therefore, Defendants' Motion is granted without leave to amend.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED**.  Accordingly, this case is dismissed with prejudice.

**DATED** this _____ 12 _____ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge